IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL FRENCH,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL<br><br><br><br>Case No. 2:08-CV-638 TS |

    This matter is before the Court on Plaintiff's Motion to Appoint Counsel and Motion to begin proceedings by setting a hearing or trial.

    Plaintiff's Motion to Appoint counsel incorrectly states that the Court has already approved his application to file his complaint in forma pauperis.[1]  However, Plaintiff did not file an application to proceed in forma pauperis and paid the case filing fee.

    The Court has discretion under 28 U.S.C. §1915(e)(1) to request that counsel represent an indigent party in a civil case.  Plaintiff has submitted nothing to show that he is indigent.  "There is no constitutional right to appointed counsel in a civil case."[2]  At a

---

[1] Docket No. 2.

[2] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

1

minimum, Plaintiff must show that he cannot afford counsel to receive appointed counsel. If Plaintiff does show he cannot afford counsel, Plaintiff would then have the burden of convincing the Court of circumstances warranting such a request for counsel.[3] The Tenth Circuit has stated that the factors to be carefully considered on the issue of requesting representation in a civil case include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]   The Court will deny the Motion to Appoint Counsel.

Plaintiff has also filed a Motion to begin proceedings by setting a hearing or trial. This case is being held up because Plaintiff has not responded to the Defendant's Motion to Dismiss.  While a pro se litigant's pleadings and papers are to be liberally construed, he or she must become familiar with and comply with the rules of procedure.[5] Applicable rules include the local rules of this court, cited as DUCivR, and the Federal Rules of Civil Procedure, cited as Fed. R. Civ. P., all available on the Court's website.[6]  Under the Local Rules, Plaintiff had thirty days to respond to the Motion to Dismiss.[7]  He has not done so.

---

[3]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[4]*Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir.1991)).

[5]DUCivR. 83-1(g); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (holding that "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements"of the rules of procedure).

[6]Available at United States District Court, District of Utah's website: www.utd.uscourts.gov click on "Rules," then "Local Rules."

[7]DUCivR 7-1(b)(4)(A).

There is also a Motion to Consolidate this case with Plaintiff's recently filed case against this Defendant and several others.[8]  Under the rules, Plaintiff has fifteen days to respond to Defendant's Motion to Consolidate this case with his new Case No. 2:09-CV-158 TS.[9]

Based upon the foregoing, it is therefore

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 2) is DENIED.  It is further

ORDERED that Plaintiff shall have until April 11, 2009, to file a response to the Motion to Dismiss.  The failure to respond will result in the Court ruling on the Motion without further notice or hearing.  It is further

ORDERED that Plaintiff shall file a timely response to the Motion to Consolidate or the Court will rule on the Motion without further notice and hearing.

DATED March 13, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] Case No. 2:09-CV-158 TS.

[9] DUCivR 7-1(b)(4)(B).