IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL J. FRENCH,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>AMERICAN AIRLINES, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and THE TRANSPORT WORKERS UNION OF AMERICA,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING AMERICAN AIRLINES' MOTION TO CONSOLIDATE, CONSOLIDATING CASES, GRANTING AMERICAN AIRLINES' MOTION TO DISMISS, AND DISMISSING CASE<br><br><br><br>Case No. 2:08-CV-638 TS |

This matter is before the Court on Defendant American Airlines' Motion to Consolidate and Motion to Dismiss. Defendant argues that because the two cases filed by Plaintiff allege an identical set of facts and seek similar relief based on the similar legal theories of civil rights and employment discrimination, they should be consolidated. Plaintiff opposes consolidation. He argues that while the facts may be related, the causes of action are distinct and separate, and, therefore, the cases should be heard separately. Defendant asserts that the claims should be

1

dismissed because Plaintiff has failed to state a claim upon which relief can be granted. While Plaintiff has filed an Objection to Defendant's Motion to Dismiss, it is identical to his Objection to Consolidation and does not provide any reasons why the Complaint should not be dismissed.[1] For the reasons discussed below, the Court will grant Defendant American Airlines' Motions to Consolidate and to Dismiss, and will dismiss sua sponte Plaintiff's Complaints against Defendants The Insurance Company of the State of Pennsylvania and The Transport Workers Union of America.

I.  PROCEDURAL BACKGROUND

Plaintiff Michael French, a former ramp worker with American Airlines ("Defendant"), is suing American for damages caused by American's alleged fraudulent handling of his Worker's Compensation claim. Plaintiff filed two separate complaints against American Airlines. In the first (the present case) he asserts civil rights violations and conspiracy to commit fraud. In the second[2] (the 2009 case), he asserts employment discrimination. The first complaint was filed on August 25, 2008, the second on February 20, 2009. Defendant American Airlines filed a Motion to Dismiss the first complaint on October 3, 2008. In response to the filing of Plaintiff's second complaint, Defendant filed a Motion to Consolidate the two cases on March 9, 2008. Plaintiff filed an Objection to Motion to Consolidate on March 18, then filed an Amended Complaint in

---

[1] *Compare* Docket No. 21 (Objection to Consolidate) and Docket No. 26. (Objection to Motion to Dismiss) (failing to differ in any way except the caption).

[2] Case No. 2:09-CV-158 TS.

the present case on April 6, 2009.[3] On April 23, 2009, Defendant filed a Motion to Dismiss the April 6 Complaint. On May 6, 2009, Plaintiff filed an Objection to the Motion to Dismiss.[4]

## II. FACTUAL BACKGROUND

Plaintiff's Worker's Compensation claim arises from an injury on December 20, 2004. Plaintiff alleges he was loading heavy luggage onto a plane when he felt something in his back pop and felt pain in his middle back, just below his shoulder blades.[5] In January of 2005, Plaintiff sought medical treatment for his lower back injury.[6] On February 4, 2005 Plaintiff left work complaining of numbness in his arm and foot.[7] In April of 2005, Plaintiff complained of neck pain and began receiving medical treatment for that pain.[8]

On May 13, 2005, Plaintiff filed an application for hearing before the Utah Labor Commission.[9] The Administrative Law Judge concluded that Plaintiff had demonstrated medical

---

[3]Plaintiff filed his Amended Complaint more than 20 days after his original Complaint and after Defendant had filed an Answer. No evidence suggests that Plaintiff received Defendant's written consent prior to filing the Amended Complaint, nor did he seek the Court's leave. However, the Amended Complaint is nearly identical to the original complaint and introduces no new issues. Furthermore, Defendant has noted the Amended Complaint and refrained from objecting

[4]However, while the caption of the Objection reads "Objection to the Motion to Dismiss. . .," the body of the Motion is identical to the Objection to Motion to Consolidate.

[5]Case 2:08-cv-00638-TS, Docket No. 9, Ex. 1.

[6]*Id.*

[7]*Id.*

[8]Case 2:08-cv-00638-TS, Docket No. 9, Ex. 1.

[9]*Id.*

causation for the lower back injury, but not for the neck injury.[10] Plaintiff's claims relating to his neck injury were dismissed with prejudice.[11]

Plaintiff appealed this decision to the Utah Labor Commission Appeals Board, alleging the Administrative Law Judge improperly excluded evidence and committed error in its factual findings. The Appeals Board affirmed the decision.[12] Plaintiff next appealed to the Utah Court of Appeals, alleging "felonious" filing errors.[13] On July 3, 2008, the Court of Appeals sua sponte summarily disposed of the appeal based on the lack of a substantial question for review and dismissed the appeal, reasoning that the filing errors did not affect Plaintiff's ability to show medical causation.[14] Plaintiff then filed the instant two Complaints with this Court.

### III. MOTION TO CONSOLIDATE

Defendant American Airlines moves to consolidate Plaintiff's two cases. Fed. R. Civ. P. 42(a) provides that cases may be consolidated if they involve a "common question of law or fact . . . pending before the court."[15] The decision to grant a motion for consolidation is left to the trial

---

[10]*Id.*

[11]*Id.*

[12]*Id.*, Ex. 4, at 5.

[13]*Id.*, Ex. 5.

[14]*Id.*, Ex. 2.

[15]*See also* DUCivR 42-1 (a) and (iv) (providing that a party may move to consolidate cases if the party believes that the cases "arise from substantially the same transaction or event" or "call for determination of substantially the same questions of law").

court's discretion.[16] Consolidation may be inappropriate where "the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties."[17]

Plaintiff argues that his two cases should not be consolidated because they represent two distinct causes of action: civil rights violations and fraud in the first case and employment discrimination in the second case. Furthermore, Plaintiff argues that consolidation must not be granted "in order for the law to represent itself properly."[18] The Court interprets this to mean Plaintiff is arguing that the questions of law presented are too disparate to be adjudicated in a single action.

The standard set forth under Fed. R. Civ. P. 42(a) is that a case may be consolidated if it involves a common question of law or fact, and as Plaintiff acknowledges, his Complaints arise out of the same set of facts.[19] Furthermore, Plaintiff argues overlapping questions of law; both Complaints cite to 42 U.S.C. § 2000 and both Complaints allege fraudulent or wrongful denial of a Worker's Compensation claim. Finally, the two actions are at nearly identical stages of preparation such that consolidation would not cause further delay, nor would it prejudice either party. Thus, the Court will grant Defendant's Motion to Consolidate.

---

[16]*Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[17]*Long v. Dickson*, 2006 WL 1896258, *1 (D. Kan. 2006).

[18]Docket No. 21.

[19]*See id.* (stating that "[f]acts pertaining to both cases may seem related [but differ as to the questions of law they present]."

IV.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's Complaints for failure to state a claim.  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[20]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[21]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[22]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[23]

Notwithstanding, the Court "need not accept conclusory allegations without supporting factual averments."[24]  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[25]

---

[20]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

[21]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[22]*Id.* at 1110.

[23]*Id.*

[24]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

[25]*Ashcroft v. Iqbal*, 566 U.S. __, 2009 WL 1361536, at *13 (May 18, 2009)

Plaintiff's Complaints can be read to allege three possible causes of action: civil rights violations, fraud, and the improper handling of a Worker's Compensation claim. Each of these will be addressed in turn.

A.   CIVIL RIGHTS VIOLATIONS

Plaintiff has checked three boxes on his pre-printed Amended Complaint alleging this Court has jurisdiction through 42 U.S.C. § 1983, §1985, and §2000. However, under none of these sections has Plaintiff pleaded "enough facts to state a claim to relief that is plausible on its face."[26]

A claim under § 1983 must allege (1) the violation of a right secured by the Constitution and laws of the United States (2) committed by a person acting under color of state law.[27] Plaintiff's Complaint alleges neither. Plaintiff's Complaint does allege "fraud" but fails to tie that fraud to a right secured by the Constitution or the laws of the United States. Even if Plaintiff did tie the alleged fraud to a right under the Constitution, there are no facts alleged that suggest that Defendants are "persons acting under color of state law." Plaintiff merely checked a box on his pre-printed form and stated that "American Airlines was my employer in Salt Lake City Utah, when I was injured on the job."[28] This conclusory checkmark and threadbare statement are insufficient to establish that American Airlines is a state actor. Consequently, Plaintiff has failed to state a claim under § 1983.

---

[26]*Twombly*, 127 S. Ct. at 1974 (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[27]*Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007).

[28]Docket No. 24.

"Section 1985(3) provides for recovery of damages by a party who is injured as a result of a conspiracy to deprive any person equal protection of the laws."[29] Other than checking a box on a form, Plaintiff fails to allege that he has been deprived of equal protection, nor does he set forth any facts that could be fairly construed to suggest that he was deprived of equal protection of the laws. Therefore, Plaintiff has failed state a claim for relief under § 1985.

Plaintiff further asserts, by checking boxes on both Complaints, that Defendant discriminated against him in violation of 42 U.S.C. § 2000(e). This section, also known as Title VII, prohibits employers from discriminating against employees "because of such individual's race, color, religion, sex, or national origin."[30] However, although he checks boxes for discrimination regarding race, color, sex, religion, national origin, and age,[31] none of Plaintiff's supporting facts reference any such discrimination. Without an assertion that Plaintiff is a member of a protected class and without factual allegations that Plaintiff was discriminated against based on his membership in a protected class, Plaintiff has failed to state a Title VII claim. Thus, Plaintiff has failed to state a claim under Sections 1983, 1985, and 2000(e) of 42 U.S.C.

B.      FRAUD

---

[29] *Ford v. West*, 222 F.3d 767, 722-33 (10th Cir. 2000).

[30] 42 U.S.C. § 2000(e).

[31] *See* 2:09-CV-158, Docket No. 1 at 8 (showing checks in boxes on pre-printed form).

Plaintiff asserts that Defendant committed mail fraud, worker's compensation fraud, Social Security fraud, and identity fraud.[32] As fraud alone is not a basis for federal jurisdiction, this Court's jurisdiction over a fraud claim can only be derived from diversity of citizenship amongst the parties.[33] In diversity actions, the Court will apply the substantive law of the forum state.[34] To allege fraud under Utah law, Plaintiff must allege that "a false representation of an existing material fact [was] made knowingly or recklessly for the purpose of inducing reliance thereon, and there [was] reasonable reliance resulting in the plaintiff's injury."[35]

Here, Plaintiff alleges that Defendant attempted to fraudulently avoid paying on his claim by intentionally filing his claim late, filing his claim in the wrong state with the wrong insurance carrier, and using an incorrect Social Security number. However, Plaintiff fails to allege that he relied on the false representation of his identifying information. Further, Plaintiff fails to allege that his reliance resulted in his injury.[36] Plaintiff has not shown that Defendant's alleged errors prevented him from receiving the medical treatment needed to establish a causal link between his accident and his neck injury. Rather, the Worker's Compensation ruling indicates that Plaintiff

---

[32] While Plaintiff's Amended Complaint in Case 2:09-CV-158 repeatedly mentions "malice," no common law or statutory tort of "malice" exists. To the extent that "malice" refers to the actual intent to cause harm, this Court construes the term to mean that Plaintiff alleges that Defendant committed its filing errors with the intent to have Plaintiff's Worker's Compensation claim denied. The alleged improper handling of Plaintiff's worker's compensation claim is addressed in the next section.

[33] 42 U.S.C. §1332.

[34] *Hjelle v. Mid-State Consulatants, Inc.*, 394 F.3d 873, 877 (10th Cir. 2005).

[35] *DeBry v. Noble*, 889 P.2d 428, 443 (Utah 1995).

[36] *See* Docket No. 9, Ex. 1.

received frequent and regular medical treatment for his back injuries sustained in the December 20, 2004 industrial accident and that Plaintiff could not establish the medical causal link because he delayed reporting his neck pain and because his early medical records didn't show a neck injury.[37]  Thus, Plaintiff has failed to state a claim for fraud.  Furthermore, as discussed in the next section, because Plaintiff's fraud claims arise out of the handling of his Worker's Compensation claim, they are barred by the exclusivity provision of the Utah Worker's Compensation Act.

C.     IMPROPER HANDLING OF WORKER'S COMPENSATION CLAIM

Plaintiff's fundamental grievance appears to be that American Airlines purposely mishandled his Worker's Compensation claim.  Even disregarding Plaintiff's failure to show a causal connection between Defendant's alleged repeated misidentification and the denial of Plaintiff's claim, Plaintiff's claim remains barred by the provisions of Utah's Worker's Compensation Act.  "The Utah Workers' Compensation Act provides the exclusive remedy for injuries occurring in the course of or arising out of a covered worker's employment."[38]  This has been interpreted to mean that where the Act imposes a penalty for an employer's failure to comply with the requirements of the Act, private actions for those failures are barred.[39]

---

[37]*See id.*

[38]*Gunderson v. May Dept. Stores Co.*, 955 P.2d 346, 348 (Utah Ct. App. 1998) (citing Utah Code Ann. § 34A-2-105).

[39]*See Gunderson*, 955 P.2d at 352 (holding that where the Act imposes penalties for an employer's failure to adhere to the Act's provisions, the Act provides the exclusive remedy).

In this case, the Act provides in § 34A-2-407(8)(a) that an employer is guilty of a misdemeanor if they neglect to make reports and maintain records in accordance with the section governing the reporting of industrial injuries. Thus, Defendant's alleged failures to maintain proper records are covered by the Act, and private actions for those failures are barred.

Further, Plaintiff asserted in his Worker's Compensation claim appeal that his claim was filed with the wrong insurance company and was late filed.[40] The Utah Court of Appeals held that such issues were not relevant to his claim.[41] To the extent Plaintiff argues the adverse Worker's Compensation decision was procured by fraud, his remedy was a Utah R. Civ. P. 60(b) motion to the Appeals Board.[42]

Thus, because Plaintiff has failed to show that his civil rights were violated, because Plaintiff has failed to show a causal link between Defendant's alleged misrepresentations and his injury, and because the Utah Worker's Compensation Act provides the exclusive remedy for Plaintiff's claim, Plaintiff has failed to state a claim upon which relief can be granted and Plaintiff's Complaint against American Airlines will be dismissed.

## V.  ADDITIONALLY NAMED DEFENDANTS

In addition to American Airlines, Plaintiff has named The Insurance Company of the State of Pennsylvania and The Transport Workers Union of America as defendants. However, those Defendants are mentioned solely in the caption of Plaintiff's Complaints–the body of

---

[40] Docket No. 9, Ex 5.

[41] Docket No. 9, Ex. 2.

[42] *E.g. Frito-Lay v. Labor Commission*, 193 P.3d 665, 672 (Utah Ct. App. 2008) (holding that Rule 60(b) relief is available in agency proceedings).

Plaintiff's Complaints only references the actions of American Airlines. "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[43]  If given the opportunity to amend, Plaintiff would likely assert the additionally named Defendants were somehow involved in the same civil rights violations, fraud, and improper handling of his Worker's Compensation claim that Plaintiff claims American Airlines committed.  As already discussed, the facts alleged to support those claims fail to state a claim upon which relief can be granted.  Accordingly, the Court finds leave to amend would be futile and will dismiss Plaintiff's complaints against The Insurance Company of the State of Pennsylvania and The Transport Workers Union of America.

## V.  CONCLUSION

It is therefore

ORDERED that Defendant American Airlines' Motion to Consolidate Cases (Docket No. 18) is GRANTED and this case is consolidated with Case No. 2:09-CV-158 TS.  It is further

ORDERED that Defendant American Airlines' Motion to Dismiss (Docket No. 10) is GRANTED.  It is further

---

[43] *Hall v. Bellmon*, 935 F.2d at 1109-1110.

ORDERED that Plaintiff's Complaints against Defendants The Insurance Company of the State of Pennsylvania and against The Transport Workers Union of America are DISMISSED.

The Clerk of Court is directed to close this case forthwith.

DATED   June 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge